injuries to the heart, pulmonary system and/or other physical injuries, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future. Plaintiffs' injuries and losses are continuing in nature.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, as well as all costs of this action.

**COUNT V**
**FRAUDULENT CONCEALMENT**
**(AGAINST DEFENDANT INTERNEURON ONLY)**

156.  Plaintiffs adopt by reference all of the allegations above, each inclusive, as though fully set forth herein.

157.  To date, even in light of the existence of overwhelming scientific proof in the form of countless epidemiologic studies and other tests and/or studies, Defendant, Interneuron, still claims that "[b]ased on the results of studies to date, the incidence of cardiac valve abnormalities has been shown to be less than that suggested by the original FDA preliminary analysis.  In general, these studies have shown either no or relatively small differences, although in some cases statistically significant, between the incidence of cardiac valve abnormalities, as defined by the FDA, among patients who took Redux and placebo-treated patients and that the incidence of such abnormalities among Redux patients was less than previously reported estimate."

158.  Furthermore, in response to law suits which have been brought against Interneuron by shareholders claiming that Interneuron misled shareholders and committed securities fraud relating to its actions associated with the approval and subsequent marketing of Redux, Interneuron has

plainly yet fallaciously stated that it did not conceal known risks regarding Redux, and it has uniformly denied the causal link between Redux ingestion and the injuries referenced herein.

159.  Interneuron, having undertaken the manufacturing, marketing, prescription dispensing, distributing and promotion of Redux owed a duty to provide complete and accurate information regarding the drug to Plaintiffs, their physicians, and anyone else it knew or should have known would ingest or prescribe Redux.

160.  Interneuron has misrepresented material facts regarding the safety and efficacy of the Diet Drugs, and failed to inform Plaintiffs, the public and Plaintiffs' prescribing physicians these material facts, to this day.

161.  The continuous and ongoing course of action constituting fraudulent concealment on Plaintiffs started as early as 1992, if not earlier, and continued through repeated acts and non-disclosure every year since then throughout the United States and elsewhere.

162.  Interneuron actively concealed adverse information at a time when it knew, or should have known, that Redux had defects, dangers, and characteristics that were other than what it knew or should have known existed regarding the dangerous side effects associated with Redux.

163.  The active concealment alleged  were perpetuated directly and indirectly by Interneuron, and took the form of, among other things, express and implied statements, publicly disseminated misinformation, misinformation provided to regulatory agencies, inadequate, incomplete and misleading warnings about the subject products, and a campaign of misinformation intended to convince Plaintiffs, Plaintiffs prescribing physicians, and the public that Redux is not associated with VHD or PH, and is in fact a safe and effective product.

164.  Interneuron knew or should have known that these representations were false or misleading at the time they were made or omitted or concealed, and made the representations with the intent or

purpose that Plaintiffs and Plaintiffs' physicians would rely on them, leading to the use of Redux by Plaintiffs, and with the specific intention that Plaintiffs rely on such misrepresentations and concealment by delaying in obtaining appropriate medical care and monitoring, in discovering their injuries associated with the use of Redux, and in discovering that such injuries were caused by the acts and omissions of Interneuron.

165.  Plaintiffs and Plaintiffs' physicians had no knowledge of the information concealed and suppressed by Defendants and were unaware of the inaccuracy of any statements being made and believed them to be true.

166.  Plaintiffs and Plaintiffs' physicians justifiably relied on and were induced by Interneuron's active concealment and relied on such actions, statements, and omissions.

167.  Interneuron had a post-sale duty to warn Plaintiffs and or Plaintiffs' physicians about the potential risks and complications associated with Redux in a timely manner.

168.  The misrepresentations and active concealment by Interneuron constitutes a continuing tort.

169.  Such concealment has served to toll any applicable statute of limitations that applies to Plaintiffs' claims against Interneuron.   As a direct result of the concealment, and their justified reliance thereon, Plaintiffs did not and could not have discovered their injuries caused by the ingestion of Redux, until they received an echocardiogram which indicated the presence of FDA positive valvular heart disease and did not and could not have discovered that such injury was caused by the acts and omissions of Interneuron or their ingestion of Redux..

170.  As a direct and legal result of the fraudulent concealment by Interneuron, Plaintiffs have sustained serious and permanent injuries including, but not limited to, injuries to the heart, pulmonary system and/or other physical injuries, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future. Plaintiffs' injuries and losses are continuing in nature.

WHEREFORE, Plaintiffs demand judgment against Defendant Interneuron for damages, as well as all costs of this action.

**COUNT VI**
**G.L. c. 93A UNFAIR AND DECEPTIVE PRACTICES**
**(AGAINST DEFENDANTS INTERNEURON AND BOEHRINGER ONLY)**

171. Plaintiffs adopt by reference all of the allegations above, each inclusive, as though fully set forth herein.

172. Defendants Interneuron and Boehringer were at all times material hereto engaged in the conduct of trade and commerce throughout the United States including the Commonwealth of Massachusetts and the States within which Plaintiffs were prescribed and ingested Redux.

173. Defendants Interneuron and Boehringer engaged in trade and commerce with respect to the design, manufacture, approval, marketing, promotion, distribution and sale of Redux, a defective product, which was unfit for its intended use, and which had risks that substantially outweighed any benefits.

174. Defendants Interneuron and Boehringer, in furtherance of their business of trade and commerce, did knowingly and willfully fail to disclose to Plaintiffs individually and by and through their physicians information about the risks associated with the ingestion of Redux.

175. Interneuron and Boehringer made misleading statements and failed to disclose information to Plaintiffs individually and by and through their physicians concerning Redux in its marketing, promotion, distribution, and sale.

176. Interneuron and Boehringer knew the facts concerning Redux were material to Plaintiffs and their physicians in assessing the safety of Redux. Defendants also knew that withholding this information would place Plaintiffs at further risk of injury.

177. Interneuron and Boehringer made these misrepresentations and failed to disclose material facts for the purpose of inducing Plaintiffs to purchase and ingest Redux.

178. Plaintiffs relied to their detriment on Interneuron's and Boehringer's representations that Redux was an effective and relatively risk free diet drug.

179. As a result of their reliance and as a direct and proximate cause of Interneuron's and Boehringer's willful or knowing unfair or deceptive acts or practices in violation of G.L. c. 93A, § 2, Plaintiffs have sustained serious and permanent injuries including, but not limited to, injuries to the heart, pulmonary system and/or other physical injuries, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future. Plaintiffs' injuries and losses are continuing in nature.

180. Interneuron's and Boehringer's violation of G.L. c. 93A, § 2 entitles Plaintiffs individually to an award of actual damages and reasonable attorney's fees and costs incurred in connection with said action.

181. Interneuron's and Boehringer's actions which resulted in their failure to provide accurate and sufficient information about the true risks of pulmonary hypertension, VHD and other injuries constitute unfair and deceptive acts and practices as defined in G.L. c. 93A.

182. Defendants knowingly and willfully engaged in these unfair and deceptive acts and practices in violation of G.L. c. 93A, § 2, entitling Plaintiffs to an award of up to treble but not less than double damages against Defendants Interneuron and Boehringer.

183. Defendants' unfair and deceptive acts and practices occurred primarily and substantially within Massachusetts because, among other things: Defendants' principal place of business is in Lexington, Massachusetts and at all relevant times Defendants and its officials were conducting business in Massachusetts when they engaged in unfair and deceptive acts and practices; and Defendants committed said unfair and deceptive acts in marketing, promoting, packaging, labeling, compounding, distributing, detailing, and/or selling Redux to the public, including Plaintiffs.

184. Plaintiffs have substantially complied and/or will comply with all requirements of G.L. c. 93A , § 9.

WHEREFORE, Plaintiffs demand judgment against Defendants Interneuron and Boehringer for damages, including actual damages, which Plaintiffs request to be trebled or doubled by the Court, as well as reasonable attorney's fees and costs incurred in connection with this action, and any other relief this Court deems proper.

PLAINTIFFS CLAIM A TRIAL BY JURY.

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME 04401
(207) 942-2898

54

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
P.O. Box 1147
Gulf Breeze, FL 32562-1147
(850) 916-7450

DATED: March 10 , 2004

# COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.
MIDDLESEX, SS.



SUPERIOR COURT

## 04- 910

| | |
|---|---|
| **IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION** | **Civil Action No. 00-9999-G** |

**Kathy Apperson; Maria Contardi;
Betty Flores; Marcia Frazier;
Dian Hoyt; Sheila D. Jennings;
Gloria Larson; Pamela Marshall;
Janet Wilson; Pamela Wright-Shaw,**

      Plaintiffs

v.

**Indevus Pharmaceuticals, Inc., F/K/A
Interneuron Pharmaceuticals, Inc.;
Wyeth, Inc., F/K/A American Home
Products Corporation;
Wyeth Pharmaceuticals, Inc F/K/A
Wyeth-Ayerst Pharmaceuticals,
Inc., A Division Of American Home Products
Corporation; and Boehringer Ingelheim
Pharmaceuticals, Inc.,**

      Defendants



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS

MAR 10 2004

Edward J. Sullivan
CLERK

04- 910

## MOTION FOR APPOINTMENT
## OF SPECIAL PROCESS SERVER

Now come the plaintiffs in the above-captioned matter and move that this Court

appoint Constables Philip D. Fixman, Michael B. Fixman and Daniel P. Kochakian of

Michael B. Fixman & Associates (disinterested parties and over the age of eighteen), 72

Hancock Street, P.O. Box 83, Everett, Massachusetts or a representative thereof, as

Special Process Server, for the purpose of serving any and all process served in this case,

including but not limited to the Complaint.

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME 04401
(207) 942-2898

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
P.O. Box 1147
Gulf Breeze, FL 32562-1147
(850) 916-7450

FILED
IN THE OFFICE OF THE
CLERK                COURTS

MAR 10 2004

CLERK

DATED: March 10, 2004

2/10/04
(date)
Garsh        J. MOTION
allowed
Attest:                Asst. Clerk

Doc. 344560

COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.                                    SUPERIOR COURT
MIDDLESEX, SS.

| | |
|---|---|
| **IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION** | **Civil Action No. 00-9999-G** |
| **Kathy Apperson; Maria Contardi; Betty Flores; Marcia Frazier; Dian Hoyt; Sheila D. Jennings; Gloria Larson; Pamela Marshall; Janet Wilson; Pamela Wright-Shaw,**<br><br>Plaintiffs<br><br>v.<br><br>**Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.,**<br><br>Defendants | FILED IN THE OFFICE OF THE CLERK OF THE COURT<br><br>AP␣␣ 2004<br><br>C.A. NO. 04-910<br><br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs hereby adopt and incorporate the entire original complaint, amended only as follows:

1.    The title of Count I is amended to:

BREACH OF WARRANTY
DEFECTIVE DESIGN

2.    The title of Count II is amended to:

## BREACH OF WARRANTY
## FAILURE TO WARN

3.    The following paragraph 185 is added:

185.    Plaintiffs have pursuant to Massachusetts G.L. c. 93A sent to Interneuron

and Boehringer a letter of demand for settlement.

_____

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME 04401
(207) 942-2898

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
P.O. Box 1147
Gulf Breeze, FL 32562-1147
(850) 916-7450

DATED: April _16_, 2004

2

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.......... MIDDLESEX .......... , ss

[seal]

No.   04-910

KATHY APPERSON, ET AL. .......... , Plaintiff(s)

v.

INDEVUS PHARMACEUTICALS, INC., F/K/A INTERNEURON
PHARMACEUTICALS, INC., ET AL.    Defendant(s)

## SUMMONS

Wyeth, Inc., F/K/A American Home Products Corporation

To the above-named Defendant:

You are hereby summoned and required to serve upon ..... Edward J. Barshak, Esquire, Sugarman,
Rogers, Barshak & Cohen, P.C. ..... plaintiff's attorney, whose address is ..... 101 Merrimac Street,
Boston, MA 02114-4737 ......................................, an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at .................................
.......... Cambridge ..................................... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ....... Cambridge ....................................................
the ..................................... 7th ............... day of ......... May ...............................................
....................., in the year of our Lord ...... 2004 ........................... .

_Edward J Sullivan_

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ..... May 7, 2004 ;
20........, I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):
also served first amended complaint, civil action cover sheet and tracking
order: Served at Corporation Service Company, 84 State St., 5th fl., Boston, M
Served in hand to Bernardo Montanez, process clerk for Corporation Service
Company and agent authorized to accept service on behalf of
Wyeth, Inc., F/K/A American Home Products Corporation

Dated: ..... May 7, 2004 .....                    *N.B.T.Min*
                                        Michael B. Fixman, Constable
                                        Court Appointed Special Process Server

**N.B.  TO PROCESS SERVER:**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____
( May 7, 2004 _____ )
( _____, ....... )
  _____ )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. ........................

MIDDLESEX ..... ss.

..............................., Plff.

v.

..............................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

.......... MIDDLESEX .......... , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.  04–910



KATHY APPERSON, ET AL.
............................................... , Plaintiff(s)

v.

INDEVUS PHARMACEUTICALS, INC., F/K/A INTERNEURON
PHARMACEUTICALS, INC., ET AL.
.......................................... , Defendant(s)

### SUMMONS

To the above-named Defendant: Indevus Pharmaceuticals, Inc., F/K/A Interneuron
Pharmaceuticals, Inc.

You are hereby summoned and required to serve upon ...... Edward J. Barshak, Esquire, Sugarman,

Rogers,. Barshak .&. Cohen,. P.C. ........ plaintiff's attorney, whose address is ....101. Merrimac. Street,

....... Boston,. MA. 02114-4737 .................................. , an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ......................................

.................. Cambridge ................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ..... Cambridge ..........................................................

the .................................... 7th ............... day of ...... May ..............................................................

........................, in the year of our Lord .......... 2004 ............................................. .

*Edward J. Sullivan*

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..May..7,..2004............................
20.............I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):
also served first amended complaint, civil action cover sheet and tracking
order: Served at Corporation Service Company, 84 State St., 5th fl., Boston, MA
Served in hand to Bernardo Montanez, process clerk for Corporation Service
Company and agent authorized to accept service on behalf of

Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.

Dated: ..May..7,..2004.............................        Michael B. Fixman, Constable
                                                           Court Appointed Special Process Server

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
   ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

   (_____)
   ( May 7, 2004 ......................., ........ )
   (_____)

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

MIDDLESEX......ss.

..................., Plff.

v.

..................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-910

............MIDDLESEX............ , ss
[seal]



KATHY APPERSON, ET AL............. , Plaintiff(s)

v.

INDEVUS PHARMACEUTICALS, INC., F/K/A INTERNEURON
PHARMACEUTICALS, INC., ET AL............. Defendant(s)

### SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: **Wyeth Pharmaceuticals, Inc. F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division of American Home Product Corporation**

You are hereby summoned and required to serve upon .....Edward. J. Barshak, Esquire, Sugarman,

Rogers, Barshak & Cohen, P.C..... plaintiff's attorney, whose address is ...101 Merrimac Street,

Boston, MA 02114-4737............................................. an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...................................

.........Cambridge............................................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ............Cambridge...........................................

the ...............................7th............ day of .........May................................................

...................., in the year of our Lord ........2004............................. .

*Edward J. Sullivan*
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

M NO. SUP. — 001

## COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.                                     SUPERIOR COURT
MIDDLESEX, SS.

| | |
|---|---|
| **IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION** | **Civil Action No. 00-9999-G** |
| Kathy Apperson; Maria Contardi; Betty Flores; Marcia Frazier; Dian Hoyt; Sheila D. Jennings; Gloria Larson; Pamela Marshall; Janet Wilson; Pamela Wright-Shaw, | |
| Plaintiffs | **C.A. NO. 04-910** |
| v. | |
| Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc., | |
| Defendants | |



FILED
THE OFFICE OF THE
CLERK OF THE COURTS
COUNTY OF MIDDLESEX
MAY 19 2004
CLERK

### PLAINTIFFS' AFFIDAVIT OF SERVICE IN COMPLIANCE WITH MASSACHUSETTS GENERAL LAWS, CHAPTER 223A, § 6

I, Michael S. Appel, counsel for the plaintiffs in the above-entitled action, say that

on May 7, 2004, I gave written notice to the defendant, Wyeth Pharmaceuticals, Inc.

F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., of filing a Complaint against it by mailing a

letter, postage prepaid, certified mail and return receipt requested, enclosing therein a

copy of the (1) Summons; (2) Complaint; (3) Amended Complaint; (4) Civil Action

349195

Cover Sheet; and (5) Tracking Order, to the defendant at 500 Arcola Road, Collegeville, PA 19426-3982.

Said return receipt is attached hereto.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____

DAY OF _____, 2004.

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Dated:

## CERTIFICATE OF SERVICE

I, Michael S. Appel, attorney for plaintiffs, hereby certify that I have this day forwarded the within Defendant's Affidavit of Service in Compliance with Mass. General Laws, Chapter 223A, §6 by mailing a copy of same, postage prepaid, first-class mail, to all parties.

Michael S. Appel

Dated:

349195



# SRBC

**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

EDWARD J. BARSHAK
barshak@srbc.com

May 7, 2004

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>
7002 0860 0007 4926 2265

President
Wyeth Pharmaceuticals, Inc.
500 Arcola Road
Collegeville, PA  19426-3982

Re:  *Kathy Apperson, et als., v. Indevus Pharmaceuticals, Inc., et als.*
     **Middlesex Superior Court, Civil Action No. 04-910**

Dear Sir/Madam:

Enclosed herewith in the above-entitled matter, please find a copy of the following documents:

1.    Complaint;
2.    First Amended Complaint;
3.    Tracking Order;
4.    Civil Action Cover Sheet; and
5.    Summons.

An answer is required within 20 days of your receipt of this letter.  Service is hereby made upon you in accordance with Massachusetts General Laws, Chapter 223A.

Very truly yours,

Edward J. Barshak

Enclosures

Cc:    Samuel W. Lanham, Jr., Esquire
       Neil D. Overholtz, Esquire

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.............. MIDDLESEX .............. , ss
[seal]

No.    04—910

KATHY APPERSON, ET AL.
..........................................., Plaintiff(s)

v.

INDEVUS PHARMACEUTICALS, INC., F/K/A INTERNEURON
PHARMACEUTICALS, INC., ET AL.
..........................................., Defendant(s)

MAY 1 9 2004

## SUMMONS

To the above-named Defendant:    Boehringer Ingelheim Pharmaceuticals, Inc.

You are hereby summoned and required to serve upon ..Edward..J...Barshak,..Esquire,..Sugarman,..
Rogers,..Barshak..&..Cohen,..P.C... plaintiff's attorney, whose address is ......101..Merrimac..Street,..
..........Boston,..MA..02114-4737............................................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ....................................

.................Cambridge.................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at .....Cambridge......................................................

the ....................................7th.............. day of .........May.................................................

....................., in the year of our Lord .......2004.............................. .

*Edward J Sullivan*

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.                          SUPERIOR COURT
MIDDLESEX, SS.

---

| | |
|---|---|
| **IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION** | **Civil Action No. 00-9999-G** |
| **Kathy Apperson; Maria Contardi; Betty Flores; Marcia Frazier; Dian Hoyt; Sheila D. Jennings; Gloria Larson; Pamela Marshall; Janet Wilson; Pamela Wright-Shaw,** | |
| Plaintiffs | **C.A. NO. 04-910** |
| v. | |
| **Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.,** | |
| Defendants | |

## PLAINTIFFS' AFFIDAVIT OF SERVICE IN COMPLIANCE WITH MASSACHUSETTS GENERAL LAWS, CHAPTER 223A, § 6

I, Michael S. Appel, counsel for the plaintiffs in the above-entitled action, say that

on May 7, 2004, I gave written notice to the defendant, Boehringer Ingelheim

Pharmaceuticals, Inc., of filing a Complaint against it by mailing a letter, postage prepaid,

certified mail and return receipt requested, enclosing therein a copy of the (1) Summons;

(2) Complaint; (3) Amended Complaint; (4) Civil Action Cover Sheet; and (5) Tracking

Order, to the defendant at 900 Ridgebury Road, Ridgefield, CT  06877-1058.

349196

Said return receipt is attached hereto.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS $\underline{17}$

DAY OF MAY, 2004.

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Dated:

## CERTIFICATE OF SERVICE

I, Michael S. Appel, attorney for plaintiffs, hereby certify that I have this day forwarded the within Defendant's Affidavit of Service in Compliance with Mass. General Laws, Chapter 223A, §6 by mailing a copy of same, postage prepaid, first-class mail, to all parties.

Michael S. Appel

Dated:

349196



# SRBC

**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

EDWARD J. BARSHAK
barshak@srbc.com

May 7, 2004

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>
7002 0860 0007 4926 2258

President
Boehringer Ingelheim Pharmaceuticals, Inc.
900 Ridgebury Road
Ridgefield, CT  06877-1058

      Re:    *Kathy Apperson, et als., v. Indevus Pharmaceuticals, Inc., et als.*
            Middlesex Superior Court, Civil Action No. 04-910

Dear Sir/Madam:

Enclosed herewith in the above-entitled matter, please find a copy of the following documents:

1.     Complaint;
2.     First Amended Complaint;
3.     Tracking Order;
4.     Civil Action Cover Sheet; and
5.     Summons.

An answer is required within 20 days of your receipt of this letter.  Service is hereby made upon you in accordance with Massachusetts General Laws, Chapter 223A.

Very truly yours,

Edward J. Barshak

Enclosures

Cc:    Samuel W. Lanham, Jr., Esquire
        Neil D. Overholtz, Esquire

UNITED STATES POSTAL SERVICE 

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Edward J. Barshak, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737

Redux Litigation (A168-23383)

---

UNITED STATES POSTAL SERVICE 

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Edward J. Barshak, Esquire
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114-4737

Redux Litigation (A168-23383)

IN THE OFFICE OF THE
CLERK OF THE COURTS
THE COUNTY OF MIDDLESEX

04-910

MAY 19 2004

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

**President
Boehringer Ingelheim
Pharmaceuticals, Inc.
900 Ridgebury Road** P.O. BX 368
**Ridgefield, CT 06877-1058**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ MAY    ☐ Agent
                              ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
PAUO DA SILVA                      5/17/2004

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)    **7002 0860 0007 4926 2258**

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

**President
Wyeth Pharmaceuticals, Inc.
500 Arcola Road
Collegeville, PA 19426-3982**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____              ☐ Agent
                                 ☐ Address

B. Received by ( Printed Name)    C. Date of Deliv
M Burton                          5/1/04

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchand
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)    **7002 0860 0007 4926 2265**

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-